The ALEUT CORPORATION, Petitioner,

v.

Robert T. ROGERS, Carl E. Moses, and Rainbow Investments, a Limited Partnership, Respondents.

No. 5336.

Supreme Court of Alaska.

Nov. 14, 1980.

Roger W. DuBrock, Wade & DuBrock, Anchorage, for petitioner.

## OPINION

Before RABINOWITZ, C. J., BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

PER CURIAM.

Rogers Realty, Inc., sued the Aleut Corporation to collect a commission on a real estate sale. Aleut counterclaimed for its losses in connection with another real estate transaction handled by the plaintiff. Aleut also brought a third–party complaint against Carl Moses, among others, for the latter losses.

After answering and participating in discovery, Moses asked for summary judgment, asserting that because Aleut's claim against him was not for indemnity he was an improper third–party defendant.[1] Aleut

thereupon moved to add Moses as an additional counterclaim defendant. This motion was, by implication, denied. The trial court dismissed the third party complaint, apparently on the theory that joinder was improper. The judge also ordered Aleut to pay Moses $3,500.00 in attorney's fees as the prevailing party[2] on the dismissed third–party action. Aleut seeks review of the order awarding attorney's fees and the order refusing to add respondents as additional counterclaim defendants.

Preliminarily we must decide whether the order below is appealable. The claim underlying the award of attorney's fees was dismissed without prejudice and apparently no formal judgment has been entered. Nonetheless, if Aleut and Moses were the only parties to the action, then the order of dismissal and the award of attorney's fees would be final and appealable. However, in the absence of any Civil Rule 54(b) certification, the dismissal of one party from the action is clearly not final.[3] An award of attorney's fees pursuant to Civil Rule 82 is also not appealable in that situation, because it is simply an adjunct of the non–final judgment. However, the award should not be enforceable by writ of execution until the judgment becomes final, since a final judgment is ordinarily regarded as a prerequisite to a writ of execution. *See* 1 Freeman, Executions (3d ed.) § 16; 6 Moore's Federal Practice, ¶ 54.42 at 816 (2d ed. 1976). Thus, a petition for review is the appropriate form of action.

We grant review under Appellate Rules 23(c)(2) and 24(a)(3). We believe the superior court departed from the accepted and usual course of proceedings in dismissing a claim brought as a third–party claim rather than either severing it from the main action or ordering the pleadings amended and the purported third–party de-

---

1. Generally, third–party claims are proper only where the third party plaintiff asserts that the third party defendant is liable to it "for all or part of the plaintiff's claim against him." *See* Civil Rule 14(a), 3 Moore's Federal Practice ¶¶ 13.39, 14.14. Still it was improper for Moses to seek summary judgment on the basis of

impropriety of the pleading format. *See* 7 Wright & Miller, Federal Practice & Procedure § 1688, note 73.

2. *See* Civil Rule 82.

3. *See* Civil Rule 54(b).

fendants joined as additional counterclaim defendants.[4] By proceeding as it did, the lower court has unnecessarily exacerbated the procedural difficulties of the lawsuit at the expense of judicial economy and the litigants' interests.[5]

We therefore vacate the lower court's orders dismissing the third–party claim and awarding the third–party defendant attorney's fees under Civil Rule 82[6] and remand the case for entry of an order, severing the third–party claim or joining the purported third party defendants as additional counterclaim defendants.

CONNOR, J., not participating.

---

4. *See* Civil Rules 13(h) and 20, 15, 14(a) and 21.

5. *See* Civil Rule 92.

6. Having determined that the dismissal was improper it follows that an award of attorney's fees under Civil Rule 82 would be premature. We express no opinion as to whether an award of interim attorney's fees or the imposition of sanctions might be appropriate under the circumstances of this case. *See* Civil Rules 77(m), 95(a).