702 P.2d 858

**CIT FINANCIAL SERVICES,**
Plaintiff-Respondent,

v.

**HERB'S INDOOR RV CENTER,**
Defendant-Appellant,

v.

**B & B HOMES CORPORATION, dba Te-
ton Homes, Rand Hughes and Deborah
Hughes, husband and wife, Third-Party
Defendants.**

No. 15113.

Court of Appeals of Idaho.

June 17, 1985.

John K. Looze, Pocatello, for defendant-appellant.

Reginald R. Reeves and John Opachiuch (argued), Idaho Falls, for plaintiff-respondent.

Before BAKES, Acting C.J., and McFADDEN and TOWLES, Acting JJ.

TOWLES, Acting Judge.

This is an appeal from the granting of a motion for summary judgment.

Viewing the record most favorably to the party opposing the motion for summary judgment, as we must do at this stage of the proceedings, *Crowley v. Lafayette Ins. Co.*, 106 Idaho 818, 821, 683 P.2d 854, 857 (1984), the facts are as follows: In the fall of 1979, Rand and Deborah Hughes purchased a travel trailer from Herb's Indoor RV Center, the defendant in this suit. The Hughes arranged financing through CIT Financial Services—the plaintiff in this suit—with Herb's RV guaranteeing the debt. Because of alleged defects in the trailer, the Hughes refused to make payments some eight months after purchasing it, and, in February 1981, they brought suit against Herb's RV for rescission of the contract between the two parties.

In January 1982 CIT repossessed the travel trailer, placing it on Herb's RV property for storage, and demanded that Herb's RV pay the entire amount due on the trailer pursuant to the guarantee Herb's RV had made to CIT. The guarantee that Herb's RV made reads as follows:

I guarantee payment to you of each installment when due under this contract and payment of the unpaid balance upon demand and all other obligations of Cus-

tomer if Customer defaults, without first requiring that you proceed against Customer or that you perfect or ensure enforceability of the Customer's obligations or security. I represent to you that this contract is genuine, legally valid and enforceable and waive notice of its acceptance and any defaults thereunder. I agree that you may, without affecting my liability, compromise, or release any rights against and grant deferments of payment to Customer. My signature on this Guaranty means that I am equally responsible with all other Guarantors signing this Guaranty for the performance of all its terms. If I default under this Guaranty and you refer this Guaranty to an attorney for collection, I will pay your attorney's fees (15% of the amount in default, if not prohibited by law), court costs and disbursements.

R., Vol. 2, p. 3.

Herb's RV refused payment, contending that CIT had not repossessed and resold the trailer within a commercially reasonable time period and in a commercially reasonable manner pursuant to I.C. § 28–9–504(3). Herb's RV also argued that CIT failed to mitigate damages by preventing Herb's RV from selling the trailer to several interested parties subsequent to the Hughes' default.

■ CIT filed suit on the guarantee in October 1982 and subsequently filed a motion for summary judgment, contending that Herb's RV was obligated under the guarantee to pay CIT the remaining amount due on the trailer. CIT also argued that Herb's RV had waived any right to have CIT seek to sell the repossessed trailer first before seeking payment on the defaulted loan when it made the guarantee it did to CIT. The district court granted CIT's motion, and entered a partial summary judgment which was certified as final under I.R.C.P. 54(b). Herb's RV has appealed. We reverse.[1]

---

1. The order granting the I.R.C.P. 54(b) certificate was inappropriate and erroneous for several reasons. First, it was prompted by the trial court's refusal to quash a writ of execution issued in favor of CIT on its partial summary judgment for money damages, which to that point had not been certified as final. The defendant-appellant Herb's RV filed an alternative motion to either quash the writ of execution, or to certify the partial summary judgment as final so that it would be appealable. The trial court denied the motion to quash but entered an order granting the motion to certify the partial summary judgment as final, even though the trial court did not append the certificate to its partial summary judgment as required by I.R.C.P. 54(b). The trial court's actions were erroneous in two respects. First, an uncertified partial summary judgment, not being final or appealable, will not support a writ of execution. Only a partial summary judgment which has been properly certified as final under I.R.C.P. 54(b) will support a writ of execution. See I.R.C.P. 54(b) and I.R.C.P. 69. Furthermore, it is not sufficient for a trial court merely to enter an order that it will certify a partial summary judgment as final. Before any such order is effective it must have appended to the summary judgment a certificate which complies with I.R.C.P. 54(b) which provides in part:

In the event the trial court determines that a judgment should be certified as final under this Rule 54(b), the court shall execute a certificate which shall immediately follow the court's signature on the judgment and be in substantially the following form:

RULE 54(b) CERTIFICATE

With respect to the issues determined by the above judgment or order it is hereby CERTIFIED, in accordance with Rule 54(b), I.R.C.P., that the court has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that *the above judgment or order shall be a final judgment upon which execution may issue* and an appeal may be taken as provided by the Idaho Appellate Rules.

DATED this ..... day of ..........., 19....

.............................................
(Signature—District Judge)

(Emphasis added.)

This case seems particularly unsuitable for a 54(b) certificate on a partial summary judgment because of the nature of the counterclaim by Herb's RV, which would be an offset of any claim by CIT on the guaranty, I.R.C.P. 54(b) ("If any parties to an action are entitled to judgments against each other such as on a claim and counterclaim, or upon cross-claims, such judgments shall be offset against each other and a single judgment for the difference between the entitlements shall be entered in favor of the party entitled to the larger judgment."), and also because of the consolidated action filed by purchaser Hughes against the seller Herb's RV seeking to rescind the entire transaction because the trailer was defective. Such a recis-

I.C. § 28–9–504(3) requires that when a secured party, after default, sells or disposes of the collateral "every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable." I.C. § 28–9–501(3)(b) provides that the above requirement of a commercially reasonable disposition of the collateral is not waivable.

These Code sections have a direct bearing on the guarantee provisions of the CIT-Herb's RV contract and require an inquiry into the commercially reasonable aspect of CIT's disposition of the collateral. *See Mack Financial Corp. v. Scott*, 100 Idaho 889, 606 P.2d 993 (1980). There are material facts in dispute such as the effect of the lapse of time before disposition on the value of the collateral between the default and the sale, the reasons, if any, for the delay, the actual date of default which was alleged as different dated in different proceedings, and the amount due under the contract. Hence, the order granting partial summary judgment was inappropriate and is reversed, and the cause remanded for further proceedings. I.R.C.P. 56(c) and 56(d).

*Reversed.* Costs to appellant. No attorney's fees.

BAKES and McFADDEN, Acting JJ., concur.

sion might well affect the guarantee between CIT and Herb's RV.