GLORIA KING and BARBARA KAI, Plaintiffs-Appellees, *v.* WHOLESALE PRODUCE DEALERS ASSOCIATION OF HAWAII, Defendant-Appellant, and DOE CORPORATIONS 1-30 and JOHN DOES 1-20, Defendants

NO. 11938

(CIVIL NO. 86-1589)

SEPTEMBER 4, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI and WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an interlocutory appeal taken, pursuant to HRS §641-1(b), from an order denying a motion to dismiss. (Hawaii Rules of Civil Procedure (HRCP) 12(b) (6).) The order appealed from was entered October 17, 1986. On November 3, 1986, appellant moved in the court below for an order allowing an interlocutory appeal. That order was entered December 30, 1986. The notice of appeal was filed January 16, 1987, ninety-one (91) days after the order denying the motion to dismiss.

Hawaii Rules of Appellate Procedure (HRAP) 4(a) (1) provides[1]:

> In a civil case in which an appeal is permitted by law as of right from a court or agency or by an order of a court granting an interlocutory appeal or by a Rule 54(b), HRCP or DCRCP, certificate from the court appealed from, the notice of appeal required by Rule 3 shall be filed by a party with the clerk of the court or agency appealed from within 30 days after the date of entry of the judgment or order appealed from.

In changing the time provisions with respect to interlocutory appeals, previously in effect under HRCP 73, we intended to limit, not extend, the period in which such an appeal can be taken. The provision quoted from HRAP 4(a)(1) is clear and unambiguous. It is necessary for a party wanting to take an interlocutory appeal to move for an order allowing the appeal, for the court to enter the order and for the appellant to file the notice of appeal all within 30 days from the filing of the order appealed from, unless the time for appeal is extended pursuant to HRAP 4(a) (5).

Appellant failed to comply with the 30-day provision of HRAP 4(a) (1) and consequently we have no jurisdiction of the appeal. Appeals pursuant to orders entered under HRCP 54(b) stand on a different footing. The 54(b) order makes a judgment final, both for purposes of execution and appeal, and, consequently, the time for filing the notice of appeal runs from the entry of that order. The order appealed from on an interlocutory appeal is not made final, for any purpose, by the allowance of the interlocutory appeal and the time period runs from the entry of the order, not from the allowance of the appeal.

Appeal dismissed.

*Gaylord A. Virden* for appellant.

*John Rapp* and *Charles R. Kozak* for appellees.

---

[1] HRAP 4(a) (1) was adopted in 1984 replacing HRCP 73, which provided in part:

> An appeal permitted by law from a circuit court to the supreme court and the intermediate court of appeals shall be taken by filing a notice of appeal with the circuit court within 30 days from the entry of the judgment appealed from, except that: ... [i]f the order or judgment appealed from is appealable only upon the allowance of the appeal by the court entering it, any application for such allowance must be made within 10 days after entry thereof and the appeal taken within 10 days after the allowance is granted.