BUDGET RENT–A–CAR SYSTEMS, INC., Plaintiff–Appellee, v. AARON SALAZAR, Defendant–Appellant, and BRENDA MAIN and ALLSTATE INSURANCE COMPANY, Defendants–Appellees, and AARON SALAZAR, Third–Party Plaintiff–Appellant, v. DONNA PUA, ADAN RODRIGUES, VERDA ORIVELLO, COLONIAL PENN INSURANCE CO., RED CARPET DINING AND COCKTAIL LOUNGE, COUNTRY CLUB APARTMENT HOTEL, JOHN DOE 1–10, JANE DOE 1–10, DOE CORPORATIONS 1–10, DOE PARTNERSHIP 1–10, GOVERNMENTAL ENTITIES 1–10, and DOE JOINT VENTURES 1–10, INCLUSIVE, Third–Party Defendants–Appellees

NO. 15886

(CIV. NO. 88–317)

MARCH 5, 1993

BURNS, C.J., HEEN, AND WATANABE, JJ.

*Per Curiam.* This appeal is hereby dismissed as untimely.

The record on appeal indicates that on June 27, 1990, Plaintiff Budget Rent–A–Car Systems, Inc. (Budget) filed a motion for summary judgment, seeking a ruling that it had no duty to indemnify or defend Defendant Brenda Main (Main) in a separate negligence action arising out of a car accident.[1] On July 23, 1990, the Circuit Court of the Third Circuit filed an "Order Granting Plaintiff Budget Rent–A–Car Systems, Inc.'s Motion for Summary Judg-

---

[1] The car accident occurred on May 11, 1988. On that date, Defendant Aaron Salazar (Salazar), a passenger in a car owned by Budget and driven by his girlfriend, Main, got into an argument with Main and grabbed the steering wheel, causing her to lose control of the car, run off the road, and seriously injure him. Budget had rented the car to Donna Pua (Pua), Main's sister, and by the terms of the rental agreement, only Pua, Adan Rodrigues, and certain individuals specifically described in the agreement were authorized to drive the car. It is undisputed that at the time of the accident, Main had not gotten permission from either Pua or Budget to drive the car, and did not qualify as an "authorized driver" under the terms of the rental agreement. Because Budget's rental agreement with Pua clearly stated that it had no liability for any injury or damages caused by an unauthorized driver of its rental cars, Budget filed the instant action, seeking a declaratory judgment ruling that it had no duty to indemnify or defend Main. Salazar argued before the trial court, however, that the general scheme of Hawaiʻi's No–Fault law should supersede a contractual provision which precludes coverage to "an unauthorized driver when an innocent third–party is seriously injured and seeks damages against such an unauthorized driver." In the alternative, Salazar asked that such a contractual provision be declared invalid as against public policy.

ment filed on June 27, 1990." The last paragraph of the court's order provided:

> This Court specifically finds there is no just reason for delay and this Court directs that judgment enter in favor of Budget Rent–A–Car Systems, Inc. and against Aaron Salazar and Brenda Main. This order is a final judgment under the terms of Rule 54(b) of the *Hawai'i Rules of Civil Procedure.*

Record on Appeal (RA) at 169. The notice of entry of this order was filed with the Third Circuit Court on July 30, 1990.

Salazar filed an appeal from the order on August 16, 1990. However, Budget's counsel convinced Salazar's attorney that the notice of appeal was premature because there were other parties and claims remaining. Consequently, Salazar's attorney withdrew the notice of appeal on August 23, 1990. The case then sat for over a year until Salazar, on November 1, 1991, filed a "Motion to Stay Case and for Entry of Final Judgment as to Plaintiff Budget Rent–A–Car and Defendant Aaron Salazar." The motion was never heard, however, because the parties executed a "Stipulation to Stay Case and for Entry of Final Judgment; Order," which was approved and entered by the Third Circuit Court on December 30, 1991. This stipulation and order provided in relevant part:

> That the parties stipulate and agree that final judgment be entered against Defendant/Third–Party AARON SALAZAR, and in favor of Plaintiff BUDGET RENT–A–CAR SYSTEMS, INC., pursuant to the Order granting Plaintiff BUDGET RENT–A–CAR SYSTEMS, INC.['s] Motion for Summary Judgment filed herein on July 23, 1990, and that the case be dismissed as between the parties hereto. The parties further stipulate that the Defendant/ Third–Party Plaintiff's Motion to Stay Case And For Entry of Final Judgment as·To Plaintiff Budget Rent–A–Car and Defendant Aaron Salazar shall be withdrawn.

RA at 200. On January 17, 1992, Salázar filed his notice of appeal from said stipulation and order.

Under the Hawai'i Supreme Court's ruling in *King v. Wholesale Produce Dealers Ass'n*, 69 Haw. 334, 741 P.2d 721 (1987), a Rule "54(b) order makes a judgment final, both for purposes of execution and appeal, and, consequently, the time for filing the notice of appeal runs from the entry of that order." 69 Haw. at 335, 741 P.2d at 722.

Pursuant to Rule 4(a)(1), Hawai'i Rules of Appellate Procedure, where "an appeal is permitted . . . by a Rule 54(b), HRCP [Hawai'i Rules of Civil Procedure] . . . certificate from the court appealed from, the notice of appeal . . . shall be filed by a party with the clerk of the court . . . appealed from within 30 days after the date of entry of the . . . order appealed from." Since Salazar withdrew his notice of appeal from the July 30, 1990 Rule 54(b) order granting Plaintiff's motion for summary judgment, Salazar's January 17, 1992 notice of appeal was tardy. Furthermore, the filing of a tardy notice of appeal "is a jurisdictional defect which can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion," *Naki v. Hawai'ian Elec. Co.*, 50 Haw. 85–86, 431 P.2d 943–44 (1967).

Accordingly, we dismiss this appeal.

*James Ireijo* on the briefs for defendant–appellant/third–party plaintiff–appellant Aaron Salazar.

*Craig K. Furusho* (Hisaka Furusho Ayabe & Goto, of counsel) on the brief for plaintiff–appellee Budget Rent–A–Car Systems, Inc.