868 P.2d 455

**KOʻOLAU AGRICULTURAL CO., LTD., a Hawaiʻi corporation, Appellant,**

v.

**COMMISSION ON WATER RESOURCE MANAGEMENT, William W. Paty in his capacity as Chairperson of the Commission on Water Resource Management, John C. Lewin, M.D., Michael J. Chun, Ph.D., Robert S. Nakata, Richard H. Cox and Guy K. Fujimura, in their capacity as members of the Commission on Water Resource Management, Appellees.**

**No. 16473.**

Supreme Court of Hawaiʻi.

Feb. 25, 1994.

---

Gary B.K.T. Lee (Curtis Tabata, Benjamin M. Matsubara, Jason M. Yoshida, with him on the briefs, of Matsubara, Lee & Kotake), Honolulu, for appellant Koʻolau Agr. Co., Ltd.

William M. Tam, Deputy Atty. Gen., Honolulu, for appellees Comʻn on Water Resource Management and State Officials.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

PER CURIAM.

Appellant Koʻolau Agriculture (Koʻolau) appeals the decision of the Commission on Water Resource Management (Commission), pursuant to Hawaiʻi Revised Statutes (HRS) §§ 91–14(a) (1985), 174C–46 (Supp.1992), and

174C–60 (Supp.1992), and article I, section 5 of the Hawaiʻi Constitution (1978). Because appellant's notice of appeal was not timely filed, this court lacks appellate jurisdiction and must therefore dismiss the appeal.

On May 5, 1992, following various meetings and public hearings, the Commission, acting pursuant to HRS chapter 174C, Part IV, Regulation of Water Use, designated the aquifer systems in the Windward Oʻahu area from Makapuʻu Point, around Kahuku Point, to Waimea Bay, as "ground water management areas." Under HRS § 174C–46, this designation decision became "final unless judicially appealed" on July 15, 1992, when it was "published in a newspaper of general circulation in the appropriate county[.]" [1]

Koʻolau filed its notice of appeal to the supreme court on August 17, 1992. HRS § 174C–60 provides that "[a]ny other law to the contrary notwithstanding, including chapter 91, any contested case hearing under this section shall be appealed upon the record directly to the supreme court for final decision." Under HRS § 91–14(b) (1985), "where a statute provides for a direct appeal to the supreme court, [such] appeal shall be subject to chapter 602, and ... shall be in a like manner as an appeal from the circuit court to the supreme court." Under HRS § 602–5, the supreme court has jurisdiction and power "[t]o hear and determine all questions of law, or of mixed law and fact, which are *properly brought before it* on any appeal allowed by law from any ... agency" and "to exercise ... original jurisdiction as may be expressly conferred by law." HRS § 602–5(1) and (4) (1985).[2] Under Rule 4(a)(1) of the Hawaiʻi Rules of Appellate Procedure (HRAP), however, appeals "permitted by law as of right from a court or agency" must be filed "within 30 days after the date of entry of the judgment or order appealed from." *See Bacon v. Karlin,* 68 Haw. at 651–52, 727 P.2d at 1129–30; *Budget Rent–A–Car Systems, Inc. v. Salazar,* 9 Haw.App. 469, 472,

1.  We do not consider whether a direct appeal to the supreme court from a designation decision of the Commission is permitted under HRS § 174C–46, because even if permissible, Koʻolau's appeal was untimely. *See infra.*

2.  HRS § 602–11 (1985) provides in pertinent part that "[t]he supreme court shall have power

to promulgate rules in all civil and criminal cases for all courts relating to process, practices, procedure and *appeals,* which shall have the force and effect of law." *See Bacon v. Karlin,* 68 Haw. 648, 650 n. 2, 727 P.2d 1127, 1129 n. 2 (1986) (emphasis added).

846 P.2d 901, 903 (1993). The filing of a tardy notice of appeal "is a jurisdictional defect which can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion[.]" *Bacon,* 68 Haw. at 651, 727 P.2d at 1129 (citing *Naki v. Hawaiian Elec. Co.,* 50 Haw. 85, 86, 431 P.2d 943, 944 (1967)); *see also Budget,* 9 Haw. App. at 472, 846 P.2d at 903.

■ Because the designation decision became final upon publication in the Honolulu Advertiser on July 15, 1992, *see* HRS § 174C–46, the appeal should have been filed by August 14, 1992.[3] HRAP Rule 4(a)(1). "Since petitioner's notice of appeal was filed after the expiration of the thirty-day deadline, *see* HRAP Rule 4(a)(1), and since there was no order extending time to file notice of appeal, *see* HRAP Rule 4(a)(5), petitioner's notice of appeal is late and this court therefore lacks jurisdiction." *King v. Wholesale Produce Dealers Ass'n,* 69 Haw. 334, 335, 741 P.2d 721, 722 (1987).

Accordingly, we dismiss the appeal for want of appellate jurisdiction.

---

**3.** We expressly reserve comment on whether the designation decision was the product of a contested case hearing, under HRS chapter 91, from which a direct appeal to the supreme court may be brought under HRS § 174C–60.