**Robert BRADLEY, Appellant,**

v.

**James R. BRADLEY and Leslie Bradley, Appellees.**

No. S–9345.

Supreme Court of Alaska.

Sept. 28, 2001.

Terrence H. Thorgaard, Fairbanks, for Appellant.

James E. McLain, The Law Offices of James E. McLain, Fairbanks, for Appellees.

Before FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

Robert Bradley appeals from a partial money judgment entered against him on which the court permitted writs of execution to issue. All parties agree that the judgment is partial because not all of the claims and counterclaims have been adjudicated. Because the superior court has not certified pursuant to Civil Rule 54(b) that there is no just reason for delay, the partial judgment is not final. Because the judgment is not final and thus cannot be appealed of right,[1] we have treated Robert Bradley's appeal as a petition for review.[2] We grant the petition and conclude that the trial court erred in permitting execution on the judgment. The established rule in Alaska, and elsewhere, is that executions may not issue on partial judgments until they become final.[3]

Accordingly, the directive on the partial judgment of August 24, 1999, that execution may issue, must be vacated. This case will be remanded to the superior court for further proceedings which may include consideration of whether this case is an appropriate one for entry of a Civil Rule 54(b) certificate.[4]

1. *See* Alaska R.App. P. 202(a).

2. *See* Alaska R.App. P. 402(b)(1); *see also Aleut Corp. v. Rogers,* 619 P.2d 472, 473 (Alaska 1980) (treating as petition for review under Appellate Rule 402 appeal from nonfinal judgment because writ of execution for attorney's fees authorized).

3. *See Aleut Corp.,* 619 P.2d at 473; *Cohen v. Board of Trustees of the Univ. of Med. & Dentistry of New Jersey,* 867 F.2d 1455, 1463 (3d Cir.1989) (order disposing of one claim but not others not final judgment and could not be certified to permit execution and appeal); *Redding & Co. v. Russwine Constr. Corp.,* 417 F.2d 721, 727 (D.C.Cir.1969) ("An execution ordinarily may issue only upon a final judgment ... unless and until [54(b) certification] is done [prevailing party] has no judgment upon which an execution may issue prior to the adjudication of the case in its entirety."); *Budget Rent–A–Car Systems, Inc. v. Salazar,* 9 Haw.App. 469, 846 P.2d 901, 903 (1993) ("[Rule 54(b) ] order makes a judgment final, both for purposes of execution and appeal"); *CIT Fin. Servs. v. Herb's Indoor RV Ctr.,*

108 Idaho 820, 702 P.2d 858, 859 (App.1985) (partial summary judgment not certified under Rule 54(b) will not support writ of execution); *see also* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2661 (3d ed. 1998) ("[Entry of judgment under Rule 54(b) ] enables a lien to be imposed on the judgment debtor's property and a writ of execution to be issued to begin the process of collecting any damage award....").

4. Consideration of this question is committed to the discretion of the trial court, reviewable for abuse of discretion. *See Johnson v. State,* 577 P.2d 706 (Alaska 1978). In deciding whether a certificate should issue the court should consider whether there is a good reason for using Civil Rule 54(b). "The finding should not be made simply because counsel request it. There should be some danger of actual hardship caused by delay in entry of final judgment. The court should weigh the general policy against piecemeal appeals against the reasons advanced in favor of the proposed finding." *Id.* at 710. The general policy disfavoring piecemeal appeals and thus supporting the rule that appeals may be taken only after a final judgment was also addressed in *Johnson:*

This rule [prohibiting appeals until all substantive issues are resolved] has at least two pur-

REMANDED with directions to VACATE the partial judgment's directive that execution may issue, and for further proceedings consistent with this opinion.

poses. First, it is a rule of judicial economy. Issues which seem important at intermediate stages in litigation may become insignificant or moot when the final judgment is entered. Also, interlocutory review often causes delay and needless expense. Second, the rule is designed to ensure that the questions presented on appeal have a full factual and legal setting in which the practical effect of the parties' contentions may be weighed. Piecemeal adjudication of some, but not all points of law governing a case carries the risk that important considerations may be overlooked which would have been perceived had the entire case been presented. *Id.* at 709.