NO. 29645

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KOOLAU CATTLE COMPANY LLC, a Hawaii limited
liability company; BETSILL BROTHERS CONSTRUCTION,
INC., a Hawaii corporation; RANDALL J. BETSILL;
DOYLE BETSILL; and DWAYNE BETSILL,
Plaintiffs-Appellees,

v.

JOHN D. OLIVER, Individually and in his Capacity
as Trustee Under the Oliver Revocable Living Trust,
dated March 23, 2004; MAHEALANI VENTURA-OLIVER,
Individually, and in her Capacity as Trustee Under
the Oliver Revocable Living Trust, dated March 23, 2004,
Defendants-Appellants,

and

COUNTY OF MAUI, by and through its DEPARTMENT
OF FINANCE, REAL PROPERTY TAX COLLECTION SERVICE
AND ITS DEPARTMENT OF WATER SUPPLY; STATE OF HAWAII,
BY AND THROUGH ITS HAWAII HOUSING AUTHORITY, DEPARTMENT
OF SOCIAL SERVICES; WAIEHU TERRACE COMMUNITY ASSOCIATION,
a Hawaii Nonprofit Corporation; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., a Delaware corporation,
as nominee for IRWIN MORTGAGE CORPORATION; IRWIN
MORTGAGE CORPORATION, an Indiana Corporation; JOHN VAREL;
WAILUKU AGRIBUSINESS CO., INC., a Hawaii corporation; AVERY
CHUMBLEY; STEVE GOODFELLOW; JOHN DOES 1-5; JANE DOES 1-5; DOE
PARTNERSHIPS 1-5; DOE CORPORATIONS 1-5; DOE LIMITED LIABILITY
COMPANIES 1-5; DOE ENTITIES 1-15; DOE GOVERNMENTAL UNITS 1-5,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 05-1-0116(2))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Defendants-Appellants John D. Oliver (John),
Individually and in his Capacity as Trustee Under the Oliver
Revocable Living Trust, dated March 23, 2004, and Mahealani
Ventura-Oliver (Mahealani), Individually and in her Capacity as
Trustee Under the Oliver Revocable Living Trust, dated March 23,

LAW LIBRARY

2004, (collectively, the Olivers) appeal from the Judgment for Possession and Writ of Possession, both filed on February 12, 2009 in the Circuit Court of the Second Circuit (circuit court).[1]

On appeal, the Olivers contend:

(a) "The lower court erred by 1) granting a judgment for the [Plaintiffs-Appellees Koolau Cattle Company, LLC (Koolau Cattle), Betsill Brothers Construction, Inc., Randall J. Betsill, Doyle Betsill, and Dwayne Betsill (collectively, Plaintiffs)] to foreclose on the [Olivers' home (the Property)] then four months later granted a motion to amend that judgment on a terminated case[;] 2) confirming a 'sale' of the [Property] without a sale[;] and 3) granting judgment of possession and writ of possession to [Plaintiffs] to remove [the Olivers] to effectuate a 'sale' of the [Property] based on [Plaintiffs'] claim of right to foreclose by virtue of past default judgments made on the [Olivers] for trespassing upon open probate estate lands the Plaintiff[s] claim[] to have bought."

(b) "Although given notice and information that [the Olivers] no longer owned the [Property], the [circuit] court allowed [the Plaintiffs] to proceed without notice to the owner Trusts, protected by Executive Order, Probate Law and Irrevocable Trust status."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve the Olivers' points of error as follows:

On April 16, 2008, the circuit court entered a Final Judgment as to Foreclosure, which the court certified pursuant to HRCP Rule 54(b). On August 21, 2008, the circuit court entered an Amended Order Granting Plaintiffs' Motion for Confirmation of Sale or, in the Alternative, to Reopen Bidding, which the court

_____

[1] The Honorable Rhonda I.L. Loo presided.

2

certified pursuant to HRCP Rule 54(b). The Olivers did not appeal from the Final Judgment or the Amended Order Granting Plaintiffs' Motion for Confirmation of Sale or, in the Alternative, to Reopen Bidding. Therefore, any challenge to title and confirmation of the sale of the Property is precluded in this appeal. Budget Rent-A-Car Sys., Inc. v. Salazar, 9 Haw. App. 469, 472, 846 P.2d 901, 903 (1993). Title to the Property and confirmation of the sale may not be collaterally attacked by challenging the Judgment for Possession and Writ of Possession on the ground that the judgment and writ were to "effectuate a sale" of the Property.

The Olivers' remaining ground to challenge the Judgment for Possession and Writ of Possession is that the Trustees of the Oliver Revocable Trust were not provided notice of the action. The filed returns of service indicate that John and Mahealani, as Trustees Under the Oliver Revocable Trust, were each served with a copy of the complaint and summons. On April 13, 2005, John and Mahealani, Individually and as Trustees Under the Oliver Revocable Trust, filed an answer to the complaint. Notice was given to John and Mahealani, as Trustees Under the Oliver Revocable Trust.

Therefore,

IT IS HEREBY ORDERED that the Judgment for Possession and Writ of Possession, each filed on February 12, 2009 in the Circuit Court of the Second Circuit, are affirmed.

DATED: Honolulu, Hawai'i, March 19, 2010.

On the briefs:

John D. Oliver and
Mahealani Ventura-Oliver,
Defendants-Appellants pro se.

Deborah K. Wright
Keith D. Kirschbraun
(Wright & Kirschbraun)
for Plaintiffs-Appellees.

Chief Judge

Associate Judge

Associate Judge

3