889 P.2d 702

**John F. CIESLA, Plaintiff–Appellee,**

**v.**

**Linda A. REDDISH, Defendant–Appellant.**

**No. 16230.**

Supreme Court of Hawai'i.

Feb. 13, 1995.

we hold that this court lacks jurisdiction to consider this premature appeal.

## I. BACKGROUND

In April 1991, Reddish rented an apartment at the Ala Wai Plaza on University Avenue in Honolulu. The rental agreement for the refurbished condominium unit provided for a one-year lease at $875 per month. After two months, Reddish stopped paying rent, but she continued to occupy the apartment. When landlord John Ciesla attempted to collect the overdue rents on one occasion, Reddish accused Ciesla of tampering with the water supply to her unit and claimed that she had become very ill from toxins in the water and the carpet. She collected samples of water, carpet, plumbing, and wood from the apartment and mailed them to the FBI and the CIA in Washington, D.C. She also sent a sample of her blood to SmithKline Beecham Clinical Laboratories (SmithKline) in Honolulu.

On February 25, 1992, after Reddish failed to respond to Ciesla's written demand for payment of overdue rent of $6,138, Ciesla filed a complaint for summary possession and damages. At the March 27, 1992 return on the complaint, Reddish appeared without counsel and entered a general denial. The district court advised Reddish that the expedited nature of summary possession actions required that she be ready for trial with her defenses and evidence within a few weeks. Later that morning, Reddish filed a motion requesting that the CIA and the FBI "process" the water, carpet, plumbing and wood samples sent by Reddish, and another motion demanding that SmithKline analyze her blood sample. On April 6, 1992, the district court denied these motions and set trial for April 14, 1992.

On April 8, 1992, Reddish filed a counterclaim alleging "breach of quiet enjoyment and warranty of habitability" regarding Ciesla's rental of the Ala Wai Plaza unit. The counterclaim, which sought damages of $10,000, was served on April 13, 1992.

On April 14, 1992, Reddish appeared for trial without counsel. She requested that trial be continued because the CIA, the FBI,

Linda A. Reddish, on the briefs, pro se.

John F. Ciesla, on the briefs, pro se.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

KLEIN, Justice.

Defendant–Appellant Linda Reddish appeals a judgment for possession and a judgment for money damages in a summary possession action. Upon review of the record,

and SmithKline had not appeared for trial in response to subpoenas duces tecum she issued. The district court determined that the subpoenaed records were· not relevant and denied the continuance.

Ciesla's attorney at trial objected to proceeding to trial on Reddish's counterclaim. Finding that Ciesla had not been given an opportunity to file an answer, the district court determined that the counterclaim would be tried at a later date.

Trial proceeded on the summary possession action. A judgment for possession was entered on April 20, 1992. The judgment was accompanied by a writ of possession effective April 14, 1992. Thereafter, following a proof hearing on Ciesla's claim for money damages, a judgment against Reddish for $14,344.36 was entered on May 27, 1992.

On June 26, 1992, Reddish filed a notice of appeal "from the judgment entered on May 27, 1992." Her counterclaim has not been resolved.

## II. *DISCUSSION*

■ When we perceive a jurisdictional defect in an appeal, this court must, *sua sponte,* dismiss the appeal. *Familian Northwest, Inc. v. Central Pacific·Boiler & Piping, Ltd.,* 68 Haw. 368, 369, 714 P.2d 936, 937 (1986); *Wylly v. First Hawaiian Bank,* 57 Haw. 61, 63, 549 P.2d 477, 479 (1976).

### A. *Appeal of the Judgment for Money Damages*

■ As a general matter, this court's jurisdiction over an appeal is limited to a review of final judgments, orders and decrees. Hawai'i Revised Statutes § 641–1(a) (1985). Judgment is not final in a case until all claims of the parties have been terminated. *M.F. Williams, Inc. v. City and County of Honolulu,* 3 Haw.App. 319, 322–23, 650 P.2d 599, 602–03 (1982).

■ In a case of multiple claims or multiple parties, a judgment or order that conclusively determines some but not all claims, or that conclusively determines the rights and liabilities of some but not all parties, may be certified for immediate review pursuant to District Court Rules of Civil Procedure (DCRCP) Rule 54(b).

In the instant case, all claims of the parties have not been terminated because Reddish's counterclaim remains unresolved. The appeal from the May 27, 1992 judgment for money damages, which was not certified for immediate review under DCRCP Rule 54(b), is therefore premature.

### B. *Appeal of the Judgment for Possession*

Reddish filed her notice of appeal from the May 27, 1992 money damages judgment. Her points on appeal, however, do not relate to the calculation of damages, but challenge the underlying judgment for possession. Thus, we interpret Reddish's notice of appeal to include an appeal from the April 20, 1992 judgment of possession.

■ We have jurisdiction to consider appeals from judgments which "require[ ] immediate execution of a command that property be delivered to the appellant's adversary, and the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation." *Penn v. Transportation Lease Haw., Ltd.,* 2 Haw.App. 272, 274, 630 P.2d 646, 649 (1981) (citing *Forgay v. Conrad,* 47 U.S. (6 Haw.) 201, 12 L.Ed. 404 (1848)). The *Forgay* doctrine is an exception to the finality requirement for appeals and it allows an appellant to immediately appeal a judgment for execution upon property, even if all claims of the parties have not been finally resolved.

■ In the instant case, the judgment for possession was accompanied by a writ of possession effective April 14, 1992, that commanded the Sheriff to "REMOVE [Reddish] and all persons holding under or through [her] from the [property], including [her] personal belongings and properties, and put [Ciesla] in full possession thereof[.]" Thus, the judgment for possession was a judgment immediately appealable under the *Forgay* doctrine.

■ Pursuant to Hawai'i Rules of Appellate Procedure Rule 4(a)(1), "appeals permitted by law as of right from a court or agency must be filed within 30 days after the date of

entry of the judgment or order appealed from." Thus, to immediately appeal the April 20, 1992 judgment for possession under the *Forgay* doctrine, Reddish was required to file her notice of appeal by May 20, 1992. She did not file her notice of appeal until June 26, 1992. "The filing of a tardy notice of appeal is a jurisdictional defect which can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion." *Ko'olau Agric. Co. v. Commission of Water Resource Management,* 76 Hawai'i 37, 38–39, 868 P.2d 455, 456–57 (1994) (per curiam) (citations and quotation marks omitted).

The immediate appeal of the judgment for possession under the *Forgay* doctrine being untimely, Reddish must await final resolution of all claims in the case before challenging the judgment for possession.

### III.  *CONCLUSION*

For the foregoing reasons, this appeal is dismissed for lack of appellate jurisdiction.