NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 30357

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BRIAN L. SAKAMAKI and DONNA J. WALDEN,
Trustee of the Donna J. Walden Revocable Living Trust
dated September 14, 1988, Plaintiffs-Appellees

v.

GLACS LLC, a Hawaii Limited Liability Company, et al.,
Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-1601)


ORDER GRANTING MARCH 23, 2010 MOTION TO
DISMISS APPEAL FOR LACK OF JURISDICTION AND DENYING
MARCH 23, 2010 MOTION FOR AN AWARD OF ATTORNEY'S FEES AND COSTS
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)


Upon review of (1) Plaintiffs/Counterclaim-Defendants/
Appellees Brian L. Sakamaki (Appellee Sakamaki) and Donna J.
Walden's (Appellee Walden) March 23, 2010 motion to dismiss this
appeal for lack of appellate jurisdiction and motion for an award
of attorney's fees and costs pursuant to Rule 38 of the Hawai'i
Rules of Appellate Procedure (HRAP), (2) Defendants/Counterclaim-
Plaintiffs/Appellants GLACS, LLC (Appellant GLACS), and Kokua
Home Care, LLC's (Appellant Kokua Home Care), March 31, 2010
memorandum in opposition to Appellees Sakamaki and Walden's
March 23, 2010 motions and (3) the record, it appear that we lack
jurisdiction over Appellants GLACS and Kokua Home Care's appeal
from the Honorable Gary W.B. Chang's February 4, 2010 "Order
Granting in Part and Denying in Part Plaintiffs' Motion for
Summary Judgment" and "Order Regarding Defendants GLACS and Kokua
Home Care LLC's Motion for Summary Judgment on Complaint for
Declaratory Relief" (the two February 4, 2010 interlocutory
orders), because the circuit court has not reduced the two
February 4, 2010 interlocutory orders to a separate judgment that
resolves all claims in this case pursuant to Rule 58 of the
Hawai'i Rules of Civil Procedure (HRCP).

Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). The supreme court has promulgated HRCP Rule 58, which specifically requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). Based on this requirement, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d at 1334, 1338 (1994). The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Although exceptions to the final judgment requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the two February 4, 2010 interlocutory orders do not satisfy the requirements for appealability under these exceptions. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). We note, in particular, that the two February 4, 2010 interlocutory orders resolve issues that relate directly to the merits of the parties' substantive claims, and, thus, the two February 4, 2010 interlocutory orders are not appealable under the collateral order doctrine. Consequently, absent a separate judgment, Appellants GLACS and Kokua Home Care's appeal from the two February 4, 2010 interlocutory orders

appeal is premature and we lack appellate jurisdiction.

Although we lack jurisdiction over this appeal, we decline Appellees Sakamaki and Walden's request for an award of attorney's fees and costs pursuant to HRAP Rule 38. Therefore,

IT IS HEREBY ORDERED that Appellees Sakamaki and Walden's March 23, 2010 motion to dismiss appellate court case number 30357 for lack of jurisdiction is granted, and this appeal is dismissed.

IT IS FURTHER HEREBY ORDERED that Appellees Sakamaki and Walden's March 23, 2010 motion for an award of attorney's fees and costs pursuant to HRAP Rule 38 is denied.

DATED: Honolulu, Hawai'i, May 28, 2010.

Chief Judge

Associate Judge

Associate Judge