LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 30356

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

2010 JUN 30 AM 10: 19 FILED JEAN R. KIKUMOTO CLERK APPELLATE COURTS STATE OF HAWAI'I

CHRIS GRINDLING, Petitioner-Appellant, v.
MAUI POLICE DEPARTMENT, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P. NO. 09-1-0081)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Petitioner-Appellant Chris Grindling (Appellant Grindling) has asserted from the Honorable Joseph E. Cardoza's January 21, 2010 "Order Denying Petitioner Chris Grindling's Petition for Return of Seized Property" and March 10, 2010 "Findings of Fact, Conclusions of Law, and Order re: Maui Police Department's Motion for an Order Declaring Christopher Grindling a Vexatious Litigant" because the circuit court has not yet reduced these two interlocutory orders to a separate judgment, as Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires. See Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

"It is well-settled that the right to appeal is purely statutory and exists only when given by some constitutional or statutory provision." Burke v. County of Maui, 95 Hawai'i 288, 289, 22 P.3d 84, 85 (2001) (citation omitted). With respect to civil cases in the circuit courts, Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals to the intermediate court of appeals from final judgments, orders, or

decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 1 provides that the Hawai'i Rules of Civil Procedure "govern the procedure in the circuit courts of the State in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81." (Emphasis added.) HRCP Rule 81 does not provide an exception for a special proceeding for the return of seized property. HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

On May 3, 2010, the appellate court clerk filed the record on appeal for Appeal No. 30356, at which time the record on appeal did not contain an appealable final judgment. Although exceptions to the final judgment requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the two interlocutory orders do not satisfy all of the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i

18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). We note, in particular with respect to the May 10, 2010 order, that Appellant Grindling cannot show that appellate review prior to the entry of an appealable final judgment is necessary to prevent irreparable harm or injury. The circuit court has already resolved all of the substantive issues in this case, and, thus, nothing currently prevents the parties from obtaining the circuit court's approval and entry of an appealable final judgment pursuant to the procedure under Rule 23 of the Rules of the Circuit Courts of the State of Hawai'i. Absent an appealable final judgment, Appellant Grindling's appeal is premature. We lack appellate jurisdiction over Appeal No. 30356.

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 30, 2010.

Presiding Judge

Associate Judge

Associate Judge