**Electronically Filed
Supreme Court
SCPW-12-0000122
07-MAR-2012
10:45 AM**

NO. SCPW-12-0000122

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

LANDISH K. ARMITAGE and ROBIN R. ARMITAGE,
Petitioners,

vs.

THE HONORABLE BARBARA T. TAKASE, JUDGE OF THE DISTRICT
COURT OF THE THIRD CIRCUIT, STATE OF HAWAIʻI; and
WELLS FARGO BANK N.A., Respondents.

ORIGINAL PROCEEDING
(CIVIL NO. 3RC-11-1-1142)

ORDER
(By: Nakayama, Acting C.J., Acoba, Duffy, and McKenna, JJ. and
Circuit Judge Ayabe, in place of Recktenwald, C.J., recused)

Upon consideration of petitioners Landish K. Armitage
and Robin R. Armitage's petition for a writ of mandamus and the
papers in support, it appears that the February 9, 2012 judgment
for possession is a final judgment of the district court
appealable pursuant to HRS § 641-1(a).  Petitioners can obtain
appellate review of the denial of their motion to dismiss
complaint by appealing from the February 9, 2012 judgment for
possession and seeking a stay of the judgment pending appeal
pursuant to HRAP Rule 8.  Therefore, petitioners are not entitled
to mandamus relief.  See Kema v. Gaddis, 91 Hawaiʻi 200, 204, 982

P.2d 334, 338 (1999) (A writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action.  Such writs are not intended to supersede the legal discretionary authority of the lower courts, nor are they intended to serve as legal remedies in lieu of normal appellate procedures); <u>Ciesla v. Reddish</u>, 78 Hawaiʻi 18, 889 P.2d 702 (1995) (A judgment for possession is immediately appealable under the *Forgay* doctrine.).  Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED:  Honolulu, Hawaiʻi, March 7, 2012.

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Sabrina S. McKenna

/s/ Bert I. Ayabe

