Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000174
28-FEB-2020
07:55 AM

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---


THE BANK OF NEW YORK MELLON, AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF CWABS INC.,
ASSET-BACKED CERTIFICATES, SERIES 2007-11,
Plaintiff/Counterclaim Defendant-Appellee,
v.
MARY LEE COLTON,
Defendant/Counterclaim Plaintiff-Appellant
and
JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS
1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50,
AND DOE GOVERNMENTAL UNITS 1-50, Defendants


NO. CAAP-17-0000174


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-082K)


FEBRUARY 28, 2020


GINOZA, C.J., AND HIRAOKA AND WADSWORTH, JJ.


OPINION OF THE COURT BY WADSWORTH, J.

Defendant/Counterclaim Plaintiff-Appellant Mary Lee
Colton (**Colton**) appeals from the judgment entered on February 10,
2017, by the Circuit Court of the Third Circuit (**Circuit Court**)[1]
pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b)

---

[1] The Honorable Melvin H. Fujino presided.

(**February 10, 2017 Judgment**). Judgment was entered in favor of Plaintiff/Counterclaim Defendant-Appellee The Bank of New York Mellon, as Trustee for the Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2007-11 (**BONY**), and against Colton, dismissing all of her counterclaims.[2]

Colton contends, among other things, that the Circuit Court abused its discretion in granting BONY's motion for sanctions, thereby dismissing Colton's counterclaims with prejudice, on the ground that she failed to comply with the Circuit Court's prior order to compel her responses to BONY's written discovery requests.[3]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Colton's contentions as follows and vacate and remand.

## I. BACKGROUND

On February 1, 2013, BONY filed a complaint seeking to foreclose on a note and mortgage allegedly made by Colton (**Foreclosure Complaint**). In response, on July 15, 2013, Colton filed a counterclaim against BONY (**Counterclaim**) asserting the following eight "counts," which we also refer to as

---

[2] Colton filed the notice of appeal, as well as her opening and reply briefs, pro se. After briefing was completed, and this court ordered that no oral argument would be heard, counsel for Colton gave notice of their appearance and filed a motion for retention of oral argument. The motion was granted and oral argument was heard on February 12, 2020.

[3] Colton's relevant argument has been summarized and rewritten for clarity. We note that her opening and reply briefs do not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28 in material respects. However:

> [T]he Hawaiʻi appellate courts have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" Morgan v. Planning Dep't, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004) (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)). Moreover, Hawaiʻi appellate courts generally are more forgiving of technical flaws in pro se parties' briefs. See, e.g., Wagner v. World Botanical Gardens, Inc., 126 Hawaiʻi 190, 193, 268 P.3d 443, 446 (App. 2011).

State v. Cormier, No. CAAP-13-0004623, 2015 WL 6126948, at *1 n.3 (Haw. App. Oct. 16, 2015). Although BONY points out Colton's failure to comply with HRAP Rule 28, BONY does not argue that Colton's failure prejudiced it. We therefore address her discernible argument.

"counterclaims":

COUNT I

Absence of identity of parties of interest and supporting documents whom give authority to foreclosing party taking action.

COUNT II

Unlawful broker solicitation based on false representation regarding credit at origin of said transaction.

COUNT III

Deceptive trade practices, engaged in confusing and misunderstanding conduct.

COUNT IV

Fraud and false assignment of mortgage.

COUNT V

Knowingly participate and collaborate with third party fees and collection of.

COUNT VI

Forced placed insurance.

COUNT VII

Breach of contract.

COUNT VIII

Common law fraud.

It appears that the counterclaims were all based on the same factual allegations and concerned issues involving the foreclosure.[4/]

Following Colton's action, BONY filed a motion to dismiss the Counterclaim on August 9, 2013, and a motion for summary judgment on the Foreclosure Complaint on November 13, 2013.

On March 6, 2014, the Circuit Court entered its order granting in part and denying in part BONY's motion to dismiss the Counterclaim (**March 6, 2014 Order**), which granted the motion as to Counts IV, VI, and VIII, and denied the motion as to Counts I,

---

[4/]     The counterclaims are difficult to discern, but their legal sufficiency is not at issue in this appeal.  At oral argument, Colton's counsel stated that the counterclaims "went to the underpinnings of what authority [BONY] had to foreclose on her" and "[went] to the heart of the initiation of the foreclosure itself . . . of the loan itself[.]"

II, III, V, and VII (**Remaining Counterclaims**).

On July 8, 2014, the Circuit Court entered its "Findings of Fact, Conclusions of Law, [and] Order Granting [BONY's] Motion for Summary Judgment Against All Parties and For Interlocutory Decree of Foreclosure Filed November 13, 2013" (**Foreclosure Decree**), and the related Judgment (**Foreclosure Judgment**). On July 18, 2014, Colton filed her notice of appeal from the Foreclosure Judgment, which initiated appellate court case number CAAP-14-0000984. See The Bank of New York Mellon v. Colton (Colton I), No. CAAP-14-0000984, 2017 WL 3587949 (Haw. App. Aug. 21, 2017).

Meanwhile, on July 9, 2014, BONY served Colton with its first request for production of documents, first request for answers to interrogatories, and first request for admissions (**Discovery Requests**). Colton failed to respond to the Discovery Requests, and on August 14, 2015, after an unsuccessful attempt to meet and confer, BONY filed a motion to compel Colton's responses.

On November 10, 2015, the Circuit Court entered its order granting BONY's motion to compel (**November 10, 2015 Order**). The November 10, 2015 Order required Colton to provide written responses to the Discovery Requests within 30 days, and deemed all of the Requests for Admissions admitted.

Following Colton's further failure to provide responses to the Discovery Requests, on May 27, 2016, BONY filed a motion for sanctions for failure to comply with the November 10, 2015 Order. The motion sought dismissal of Colton's counterclaims with prejudice. Colton failed to file a timely opposition to the motion, though she eventually filed an "objection," arguing in essence that the Foreclosure Complaint should have been dismissed and that discovery should not have been permitted after entry of the Foreclosure Judgment.

On August 1, 2016, the Circuit Court entered its order granting BONY's motion for sanctions and dismissing all of Colton's counterclaims "in their entirety with prejudice" (**August 1, 2016 Order**). Colton filed an "objection" and motion for reconsideration of the August 1, 2016 Order, which the

Circuit Court denied on September 16, 2016.

On February 10, 2017, the Circuit Court entered its order granting BONY's motion for certification pursuant to HRCP Rule 54(b), and the February 10, 2017 Judgment. On March 13, 2017, Colton filed her notice of appeal from the February 10, 2017 Judgment, which initiated this appeal.

On August 21, 2017, this court issued its Summary Disposition Order in Colton I, 2017 WL 3587949, at *1, which vacated the Foreclosure Judgment and remanded the case to the Circuit Court for further proceedings.

## II. DISCUSSION

In Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 (2017), the Hawaiʻi Supreme Court held that a judgment entered on a decree of foreclosure is final and appealable pursuant to HRS § 667-51(a) and § 641-1. Id. at 371-72, 390 P.3d at 1258-59. Thus, an appeal from such a judgment brings up for review "all interlocutory orders not appealable directly as of right which deal with issues in the case." Id. at 372, 390 P.3d at 1259 (quoting Ueoka v. Szymanski, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005)). The defendant-homeowner's appeal in Reyes-Toledo therefore brought up for review the circuit court's orders concerning the dismissal of the defendant-homeowner's counterclaims, which were issued prior to the foreclosure decree and "concerned issues involving the foreclosure in [that] case." Id. at 372, 390 P.3d at 1259. The circuit court's description of its foreclosure decree as interlocutory, and the judgment's explanation that the foreclosure decree was "entered 'as a final judgment . . . as there was no just reason for delay pursuant to HRCP Rule 54(b)'" had no bearing on whether the judgment was a final, appealable judgment that would allow review of other interlocutory orders. Id. at 366, 373, 390 P.3d at 1253, 1260 (brackets omitted).

Similarly, here, the Foreclosure Judgment was itself a final, appealable judgment pursuant to HRS § 667-51(a) and § 641-1. This was so, regardless of the Circuit Court's description of the Foreclosure Decree as interlocutory, and the Foreclosure

Judgment's statement that the Foreclosure Decree was "entered as a final judgment . . . as there [was] no just reason for delay pursuant to Rule 54(b) of the [HRCP]." Colton's appeal from the Foreclosure Judgment thus brought up for review all interlocutory orders not appealable directly as of right which dealt with issues in the case. Indeed, Colton's notice of appeal asserted, among other things, that the Circuit Court erred in its ruling "with respect to . . . [Colton's] counterclaims." Like the orders concerning the dismissal of the defendant-homeowner's counterclaims in Reyes-Toledo, the March 6, 2014 Order – which dismissed Counts IV, VI and VIII of the Counterclaim – was issued prior to the Foreclosure Decree and "concerned issues involving the foreclosure." Id. at 372, 390 P.3d at 1259. Accordingly, Colton's appeal from the Foreclosure Judgment brought up for review the March 6, 2014 Order.

"'Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case.' However, 'notwithstanding the general effect of the filing of a notice of appeal, the trial court retains jurisdiction to determine matters collateral or incidental to the judgment[.]'" Central Pacific Bank v. Metcalfe, CAAP-14-0000851, 2015 WL 3549997, at *1 (Haw. App. June 4, 2015) (SDO) (quoting TSA Int'l, Ltd. v. Shimizu Corp., 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999)).

Here, the Remaining Counterclaims were not dismissed prior to entry of the Foreclosure Judgment. It appears that those Remaining Counterclaims, although difficult to discern, were not collateral or incidental to the Foreclosure Judgment. Rather, the Remaining Counterclaims – like Counts IV, VI and VIII – were all based on the same set of factual allegations and concerned issues involving the foreclosure. See supra note 4. The Counterclaim's prayer for relief seeks damages, as well as declaratory and injunctive relief.[5] At oral argument, Colton's counsel stated that "most of that is . . . in seeking damages,"

---

[5] Colton styled her pleading as a "Counterclaim; Motion for Extension of Time; Motion to Dismiss." Her prayer for relief also "request[ed] that the Court dismiss claims by [BONY.]"

though he also inferred that "the injunctive relief was to stay the foreclosure proceeding itself."

We take judicial notice of the fact that the counterclaims in Reyes-Toledo – for wrongful foreclosure, declaratory relief, quiet title, and unfair and deceptive trade practices – sought both damages and equitable relief. See Answer and Countercl. of Def. Grisel Reyes-Toledo at 5-8, Bank of America, N.A. v. Reyes-Toledo, No. 1CC121000668 (Haw. 1st Cir. Ct. Sept. 28, 2012). For example, the counterclaim for wrongful foreclosure concluded with the allegation that "Defendant has been damaged in an amount to be proven at trial, for general, special, and punitive damages in an amount to vest this Court with jurisdiction." Id. at 6. The fact that the defendant-homeowner in Reyes-Toledo sought damages as a remedy did not affect the supreme court's conclusion that all of the counterclaims "concerned issues involving the foreclosure." 139 Hawaiʻi at 372, 390 P.3d at 1259.

Likewise, here, we conclude that the nature of the relief sought in Colton's counterclaims does not change their gravamen, which is based on a common set of factual allegations that concern issues involving the foreclosure. The Remaining Counterclaims appear to be closely related to, not collateral or incidental to, the Foreclosure Judgment. Accordingly, Colton's prior appeal from the Foreclosure Judgment divested the Circuit Court of jurisdiction over all of the counterclaims, at least until No. CAAP-14-0000984 was resolved and the case was remanded. Lacking jurisdiction over the counterclaims, the Circuit Court abused its discretion in dismissing them "in their entirety with prejudice," pursuant to the August 1, 2016 Order and the February 10, 2017 Judgment.

### III. CONCLUSION

For these reasons, we vacate: (1) the August 1, 2016 order granting BONY's motion for sanctions for failure to comply with the November 10, 2015 Order; and (2) the February 10, 2017 HRCP Rule 54(b) judgment, both entered in the Circuit Court of

the Third Circuit.  This case is remanded to the Circuit Court for further proceedings.


Timothy Vandeveer
(Margaret Willie & Associates)
for Defendant/Counterclaim
Plaintiff-Appellant
(Mary Lee Colton, Pro Se
Defendant/Counterclaim
Plaintiff-Appellant, on the
briefs)


Amanda Jones
(Cades Schutte LLP)
for Plaintiff/Counterclaim
Defendant- Appellee
(with Patricia J. McHenry and
Allison Mizuo Lee on the briefs)