**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000796
12-MAY-2020
09:59 AM**

NO. CAAP-19-0000796


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


RICHARD K. TAYLOR, JR., Plaintiff-Appellant, v.
ATTORNEYS AT LAW, CRUDELE & DE LIMA; ROBERT J. CRUDELE;
BRIAN J. DE LIMA; JOHN DOES 1-20; JANE DOES 1-20;
DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 16-1-344)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Ginoza Chief Judge, Leonard and Wadsworth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal by Plaintiff-Appellant Richard K. Taylor, Jr., (Taylor), self-represented, from the Honorable Henry T. Nakamoto's (1) November 6, 2019 order denying Taylor's motion for appointment of pro bono counsel and (2) November 6, 2019 order denying Taylor's motion for a jury trial pursuant to Rule 38 of the Hawaiʻi Rules of Civil Procedure (HRCP), because the circuit court has not yet entered an appealable final judgment.

Hawaii Revised Statutes (HRS) § 641-1(a) (2016) authorizes appeals to this court from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The supreme court has held that "[a]n appeal

may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawaiʻi at 120, 869 P.2d at 1339 (footnote omitted).

The two November 6, 2019 orders are interlocutory orders. On January 13, 2020, the circuit court clerk filed the record on appeal, which does not include an appealable final judgment.

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), the two November 6, 2019 orders do not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998); Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016). Absent an appealable final judgment, we lack appellate jurisdiction, and Taylor's appeal is premature.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-19-0000796 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions are dismissed as moot.

DATED: Honolulu, Hawaiʻi, May 12, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

2