**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000328
30-JUN-2020
08:03 AM

NO. CAAP-16-0000328

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

TAMIRA L. CALLENDER,
Plaintiff/Counterclaim Defendant-Appellant,
v.
BENNET M. BALDWIN,
Defendant/Cross-Claim Defendant-Appellee,
and
ROBERT FORTINI, JR.,
Defendant/Counterclaimant/Cross-Claimant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(Case No. 2CC131001052)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

This appeal involves a dispute over real property
located in Haʻikū on the island of Maui (the **Property**) and a
previously filed lawsuit between the parties. Self-represented
Plaintiff/Counterlaim Defendant-Appellant Tamira L. Callender
(**Callender**) appeals from the **Judgment** in favor of Defendant/
Cross-Claim Defendant-Appellee Bennet M. Baldwin (**Baldwin**) and
Defendant/Counterclaimant/Cross-Claimant-Appellee Robert Fortini,
Jr., also known as William Robert Fortini, Jr. (**Fortini**), entered
by the Circuit Court of the Second Circuit[1] on January 11, 2017.
For the reasons explained below, we vacate the Judgment and the
"Order Granting Defendant William Robert Fortini, Jr.'s Motion

---

[1] The Judgment was signed by the Honorable Peter T. Cahill.

for Summary Judgment Filed on December 14, 2015" entered by the circuit court on February 17, 2016.  The "Order Denying Plaintiff Tamira L. Callender's Motion for Partial Summary Judgment Filed on December 31, 2015" entered by the circuit court on March 7, 2016, is affirmed.  This matter is remanded to the circuit court for further proceedings consistent with this order.

**PROCEDURAL HISTORY**

On November 21, 2013, Callender (then represented by counsel) filed the complaint below against Baldwin and Fortini.  The complaint alleged that on July 18, 2013, Fortini wrongfully attempted to eject Callender from the Property.  Fortini claimed to have acquired title to the Property on April 4, 2013, by deed from Baldwin.  Callender alleged that Baldwin could not have acquired title to the Property before May 3, 2013, when the circuit court clerk executed a warranty deed conveying the Property from Callender to Baldwin pursuant to a circuit court order granting Baldwin's motion to enforce the settlement of a previous lawsuit, Baldwin v. Callender, Civil No. 08-1-0120, Circuit Court of the Second Circuit, State of Hawaiʻi (**Foreclosure Action**).  Callender prayed for: (1) declaratory relief and to quiet title to the Property against Fortini; (2) injunctive relief against Fortini; (3) specific performance against Baldwin; (4) damages for breach of contract against Baldwin; (5) damages for fraud/fraudulent inducement against Baldwin; and (6) equitable relief for unjust enrichment against Baldwin.

On December 14, 2015, Fortini filed a motion for summary judgment (**MSJ**).  Baldwin joined in Fortini's motion.  On December 31, 2015, Callender (who was by then self-represented) filed a motion for partial summary judgment (**MPSJ**).  The circuit court granted Fortini's MSJ by order entered on February 17,

2

2016.[2]  The circuit court denied Callender's MPSJ by order entered on March 7, 2016.

On April 12, 2016, Callender filed a notice of appeal from the orders granting Fortini's MSJ and denying her MPSJ.[3]  On January 11, 2017, the circuit court entered the Judgment in favor of Fortini and Baldwin and against Callender.

## DISCUSSION

We review a trial court's grant or denial of summary judgment de novo using the same standard applied by the trial court.  Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018).  The moving party has the burden to establish that summary judgment is proper.  Id. at 342, 418 P.3d at 1198.  Summary judgment is appropriate if the pleadings, affidavits or declarations, and admissible evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Id.  A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.  Id.  "When reviewing a summary judgment, an appellate court's consideration of the record is limited to those materials that were considered by the trial court in ruling on the motion."  Kondaur Capital Corp. v. Matsuyoshi, 134 Hawaiʻi 342, 350, 341 P.3d 548, 556 (2014) (citations omitted).

---

[2]     The record on appeal does not contain an order disposing of Baldwin's joinder.

[3]     Rule 4(a)(2) of the Hawaiʻi Rules of Appellate Procedure (**HRAP**) (eff. July 1, 2006) provides that "[i]f a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal."

**Fortini's MSJ**

Fortini's MSJ alleged that: Baldwin purchased the Property in 2005 and placed title in Callender's name; Callender mortgaged the Property to Baldwin for $1.3 million; Callender defaulted on the mortgage; Baldwin filed the Foreclosure Action and moved for summary judgment; the circuit court orally granted Baldwin's motion but a written order was never filed; Callender allegedly agreed to settle the Foreclosure Action by conveying title to the Property to Baldwin; Baldwin moved to enforce the settlement; the circuit court granted the motion, instructing the circuit court clerk to sign a deed on behalf of Callender conveying the Property to Baldwin; Baldwin then filed a petition to eject Callender from the Property; the circuit court granted the petition and issued a writ of possession against Callender.

In support of his MSJ, Fortini attached copies of the following documents filed in the Foreclosure Action: (1) the April 26, 2013 order granting Baldwin's motion to enforce the alleged settlement of the Foreclosure Action; (2) Callender's memorandum in opposition to Baldwin's petition to eject Callender from the Property in the Foreclosure Action; (3) the order granting Baldwin's petition; and (4) the writ of possession entered on September 28, 2015. Fortini argued:

> Since the claims [Callender] has made in the present case . . . have already been litigated in [the Foreclosure Action], she is barred by the doctrine of res judicata from litigating those claims again.

During the hearing on Fortini's MSJ the circuit court stated:

> The Defendant Fortini's motion it [sic] granted, as well as the joinder by [Baldwin]. [Callender]'s motion is denied.
>
> The bottom line is, Ms. Callender, regardless of this lawsuit and the claims you're making here, all of these issues, all of these matters were raised in the [Foreclosure Action]. ***A judgment has been entered in this*** [sic] ***case***.

4

> That judgment is res judicata on these issues.  You had an opportunity to litigate them there.
>
> . . . .
>
> I did check to make sure you [Fortini] have an affirmative claim.  And you did. There is a counterclaim requesting the relief you're requesting in your order.[4] So that will be granted.  I wanted to make sure you had that affirmative claim rather than just a dismissal in the same thing.
>
> . . . .
>
> But the bottom line is that the motion for summary judgment, there does not appear to be any facts in dispute. The interpretation of this agreement and all, I don't need to go that far because you're not entitled to judgment as a matter [sic] law because the other case has all resolved, all of the issues that you're attempting to raise here.  And that's what res judicata is all about.

(Emphasis and footnote added.)  Despite the circuit court's mention of a "judgment" having been entered in the Foreclosure Action, the record on appeal contains no judgment or any other order, stipulation, or other document finally terminating the Foreclosure Action.

The circuit court erred by applying the doctrine of res judicata.  A party asserting res judicata or claim preclusion:

> has the burden of establishing that (1) <u>there was a final judgment on the merits</u>, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question.

<u>Bremer v. Weeks</u>, 104 Hawaiʻi 43, 54, 85 P.3d 150, 161 (2004) (underscoring added).  The record on appeal does not show entry of a final judgment on the merits, a stipulation or order dismissing all other claims against all other parties, or any other

---

[4]     On January 28, 2016 (the day after the hearing on Fortini's MSJ), the circuit court issued an order of dismissal of Fortini's counterclaim filed on December 23, 2013, pursuant to Rule 29 of the Rules of the Circuit Court of the State of Hawaiʻi.  The record on appeal contains no motion to set aside the dismissal.

document finally terminating the Foreclosure Action.[5]  In <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 869 P.2d 1334 (1994), the supreme court held:

> (1) An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP 58; (2) if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified; (3) if the judgment resolves fewer than all claims against all parties, or reserves any claim for later action by the court, an appeal may be taken only if the judgment contains the language necessary for certification under HRCP 54(b); and (4) an appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face,</u> either resolve all claims against all parties or contain the finding necessary for certification under HRCP 54(b).

<u>Id.</u> at 119, 869 P.2d at 1338.  Fortini did not meet his burden of establishing that "there was a final judgment on the merits" in the Foreclosure Action.  <u>Bremer</u>, 104 Hawaiʻi at 54, 85 P.3d at 161.  Accordingly, the circuit court erred in granting Fortini's MSJ.

### Callender's MPSJ

Callender did not dispute that she and Baldwin agreed to a settlement.  However, she alleged that the terms of the settlement were renegotiated and documented in the "First Amended

---

[5]    The order entered in the Foreclosure Action granting Baldwin's petition to eject Callender from the Property, and the writ of possession, were immediately appealable under the <u>Forgay</u> doctrine.  <u>Ciesla v. Reddish</u>, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) ("[A]n exception to the finality requirement for appeals . . . allows an appellant to immediately appeal a judgment for execution upon property, even if all claims of the parties have not been finally resolved." (citing <u>Forgay v. Conrad</u>, 47 U.S. 201 (1848))).  Callender did not file a notice of appeal under the <u>Forgay</u> doctrine.  However, if in fact there was no final judgment and/or order dismissing all other claims and parties, Callendar could still appeal from the writ of possession within 30 days after entry of a final judgment in the Foreclosure Action.  <u>See</u> HRAP Rule 4(a)(1) ("When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.").

Settlement Agreement" that was signed by Callender and Baldwin and attached as Exhibit D to Fortini's MSJ. According to Callender, Baldwin agreed to forgive Callender's promissory note and allow Callender to retain title to the Property. Baldwin did not oppose the MPSJ. Fortini's opposition to Callender's MPSJ did not dispute that Baldwin signed the First Amended Settlement Agreement. However, he restated the argument (made in his MSJ) that the First Amended Settlement Agreement was illegal and unenforceable because it required that Baldwin not report the forgiveness of Callender's debt to the Internal Revenue Service.

"It is well settled under ordinary contract law . . . that a partially illegal contract may be upheld if the illegal portion is severable from the part which is legal." Ai v. Frank Huff Agency, Ltd., 61 Haw. 607, 619, 607 P.2d 1304, 1312 (1980), overruled on other grounds by Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., 91 Hawaiʻi 224, 982 P.2d 853 (1999). "[S]everance of an illegal provision of a contract is warranted and the lawful portion of the agreement is enforceable when the illegal provision is not central to the parties' agreement and the illegal provision does not involve serious moral turpitude, unless such a result is prohibited by statute." Beneficial Haw., Inc. v. Kida, 96 Hawaiʻi 289, 311, 30 P.3d 895, 917 (2001) (citations omitted). Whether the provision that Baldwin not report the forgiveness of Callender's debt to the Internal Revenue Service was "central to the parties' agreement" or involved "serious moral turpitude" presents an issue of fact which made summary judgment inappropriate. Accordingly, the circuit court did not err in denying Callender's MPSJ, albeit for different reasons. See Delos Reyes v. Kuboyama, 76 Hawaiʻi 137, 140, 870 P.2d 1281, 1284 (1994) (holding that "where the circuit court's decision is correct, its conclusion will not be disturbed on the ground that it gave the wrong reason for its ruling.") (citations omitted).

**CONCLUSION**

For the foregoing reasons, the Judgment entered on January 11, 2017, and the "Order Granting Defendant William Robert Fortini, Jr.'s Motion for Summary Judgment Filed on December 14, 2015" entered on February 17, 2016, are vacated. The "Order Denying Plaintiff Tamira L. Callender's Motion for Partial Summary Judgment filed on December 31, 2015" entered on March 7, 2016, is affirmed. This matter is remanded to the circuit court for further proceedings consistent with this order.

DATED: Honolulu, Hawaiʻi, June 30, 2020.

On the briefs:

Tamira L. Callender,
Self-represented
Plaintiff/Counterclaim
Defendant-Appellant.

Paul Howard Peters,
for Defendant/Cross-Claim
Defendant-Appellee
Bennett M. Baldwin.

Richard Fried, Jr.,
Gregory L. Lui-Kwan,
for Defendant/Counterclaimant/
Cross-Claimant-Appellee
William Robert Fortini, Jr.,
also known as William Robert Fortini, Jr.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge