**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000770
07-MAY-2021
09:10 AM
Dkt. 36 ODMR**

NO. CAAP-20-0000770

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE
CERTIFICATEHOLDERS CITIGROUP MORTGAGE LOAN TRUST INC. ASSET-
BACKED PASS-THROUGH CERTIFICATES SERIES 2007-AHL3,
Plaintiff/Counterclaim Defendant-Appellee, v.
PHYLLIS KEHAULANI DUNCAN CHUN; Defendant/Counterclaim
Plaintiff-Appellant, and ARROW FINANCIAL SERVICES, LLC;
Defendant-Appellee, and JOHN and MARY DOES 1-20;
DOE PARTNERSHIPS, CORPORATIONS, OR OTHER ENTITIES 1-20,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC141002192)

ORDER DENYING MOTION FOR RECONSIDERATION
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Upon consideration of the May 4, 2021 Motion for Reconsideration of Order Granting Motion to Dismiss Appeal (**Motion**) by self-represented Defendant/Counterclaim Plaintiff-Appellant Phyllis Kehaulani Duncan Chun (**Chun**), the papers in support, and the record, it appears that:

(1) In the Motion, Chun appears to seek reconsideration of our April 30, 2021 Order Granting Motion to Dismiss Appeal (**Order of Dismissal**) on the ground that the Circuit Court of the First Circuit's (**circuit court**) order denying a motion for summary judgment on the Counterclaim by Chun (**Order Denying MSJ**) is appealable under the collateral-order doctrine and the Forgay doctrine;

(2) Chun argues, *inter alia*, that the Order Denying MSJ "is otherwise effectively unreviewable on appeal from final

judgment" because "the realty could be sold before the issue [sic] resolved, thereby rendering the [Order Denying MSJ] unreviewable and [Chun's] claim/right might be irreparably lost," and that if Chun "does not appeal, she wa[i]ves her right to appeal under HRAP rules 3 and 4";

(3) We concluded in our Order of Dismissal that the Order Denying MSJ did not satisfy the requirements for an exception to the final-judgment requirement under the collateral-order doctrine. Among other things, the Order Denying MSJ did not "conclusively determine[] a disputed question," Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016), because it did not resolve Chun's counterclaim, which remains pending. And the Order Denying MSJ is not "effectively unreviewable" on appeal from a final judgment as Chun claims. As we held in the Order of Dismissal, the circuit court has not yet entered a final, appealable judgment. Once the circuit court enters one, Chun may appeal from the Order Denying MSJ. See Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 372, 390 P.3d 1248, 1259 (2017) (an appeal from a final judgment brings "up for appellate review all interlocutory orders not appealable directly as of right which deal with issues in the case") (internal quotation marks and citations omitted); see also, Bank of New York Mellon v. Colton, 146 Hawaiʻi 577, 581, 463 P.3d 1234, 1238 (App. 2020) (holding that mortgagor's appeal from foreclosure judgment brought up for review interlocutory order dismissing certain counts of mortgagor's counterclaim).

(4) We also concluded in our Order of Dismissal that the circuit court's Order Denying MSJ did not satisfy the requirements for an exception to the final-judgment requirement under the Forgay doctrine. The Forgay doctrine "allows an appellant to immediately appeal a judgment for execution upon property, even if all claims of the parties have not been finally resolved." Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995). Under the doctrine, appellate courts "have jurisdiction to consider appeals from judgments which [1] require immediate execution of a command that property be delivered to the appellant's adversary, and [2] the losing party would be

subjected to irreparable injury if appellate review had to wait the final outcome of litigation." Id. (citations, internal quotation marks omitted; some brackets added and some omitted). The Order Denying MSJ does not meet these requirements;

(5) Chun has not demonstrated that she may lose her ability to appeal from the Order Denying MSJ and/or her right to the subject property if she must await entry of a final judgment to appeal; and

(6) Chun has not presented any point of law or fact that we overlooked or misapprehended in the April 30, 2021 Order of Dismissal. See Hawaiʻi Rules of Appellate Procedure Rule 40(b).

Therefore, IT IS HEREBY ORDERED that the Motion is denied.

DATED: Honolulu, Hawaiʻi, May 7, 2021.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge