**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000684
14-JUL-2025
08:13 AM
Dkt. 80 ODSLJ**

NO. CAAP-23-0000684

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE TRUST OF TSUGIO KURIHARA
REVOCABLE LIVING TRUST AGREEMENT DATED AUGUST 21, 1997,
as Amended and Restated

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1TR161000036)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Upon review of the record, it appears that self-represented Petitioner-Appellant Douglas M. Kurihara (**Kurihara**) appeals from the Probate Court of the First Circuit's November 9, 2023 Denial of Kurihara's "Proposed Order Regarding Emergency Ex Parte Petition to Recuse the Honorable R. Mark Browning from the Above-Titled Court Action for Abuse of Judicial Discretion" (**Denial of Proposed Order**). The probate court issued an Hawaiʻi Probate Rules (**HPR**) Rule 34(a) judgment in the underlying proceedings on a separate petition more than thirty days before Kurihara filed his notice of appeal in this

case.  The probate court has not entered a judgment or certified order on the November 9, 2023 Denial of Proposed Order pursuant to HPR Rule 34(a) or (b) as Hawaii Revised Statutes (**HRS**) § 641-1(a) and/or (b) (2016) require for a trust proceeding under these circumstances.

When this court "perceive[s] a jurisdictional defect in an appeal, [it] must, *sua sponte*, dismiss the appeal." Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995). HRS § 641-1 authorizes appeals from "all final judgments, orders, or decrees of circuit" courts in civil matters including probate and trust proceedings, and notes appeals "shall be taken in the manner and within the time provided by the rules of court."

HPR Rule 1(a) indicates the probate rules apply to trust proceedings and HPR Rule 34 requires the entry of a judgment or certified order for an appeal:

> **RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS.**
>
> **(a) Entry of Judgment.** All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court.  Such judgments shall be final and immediately appealable as provided by statute.  Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure.

2

      **(b) Interlocutory Orders.** In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawaiʻi Revised Statutes.

      **(c) Final Judgment Closing Proceeding.** At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.

      **(d) Appeals.** Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawaiʻi Rules of Appellate Procedure applicable to civil actions.

(Formatting altered.)

Commentary to HPR Rule 34 explains, "Rule 34 [was] written to conform probate practice to the policy against piecemeal appeals, . . . to bring certainty to the timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." HPR Rule 34 cmt.

      In cases where HPR Rule 34 applies, the supreme court has determined when a "final judgment terminating the proceeding has not been entered, and" the orders appealed from "were not certified for appeal[,] . . . those orders are not before us." In re Guardianship of Carlsmith, 113 Hawaiʻi 211, 223, 151 P.3d 692, 704 (2006).

      On March 6, 2024, the probate court clerk filed the record on appeal in CAAP-23-0000684,[1] which indicates the only

_____

[1] Kurihara failed to file a statement of jurisdiction in this case within ten days after the probate court clerk filed the record on appeal, as

(continued . . .)

appealable HPR Rule 34(a) judgment filed in the underlying trust proceeding was a March 8, 2021 Judgment another party appealed from in CAAP-21-0000275.[2]  The probate court clerk also filed a first amended record on appeal on March 7, 2024 and a first supplemental record on appeal on May 23, 2024, which also do not indicate that an appealable HPR Rule 34(a) judgment was filed in the case after March 8, 2021.  The record on appeal, the first amended record on appeal, and first supplemental record on appeal do not indicate that an HPR Rule 34(b) order was filed in the case within thirty days before Kurihara filed his notice of appeal, or at any time after March 8, 2021.  See Hawaiʻi Rules of Appellate Procedure Rule 4(a)(1) ("When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.").

Additionally, the collateral order doctrine does not apply here.  See generally Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (noting the

_____

(. . . continued)

required by Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 12.1(a).  HRAP Rule 12.1(e) vests this court with discretion to impose sanctions, "including dismissal of the appeal following notice and a meaningful opportunity to be heard."  However, as noted in the body of this order we dismiss Kurihara's appeal because we lack appellate jurisdiction over the order Kurihara appealed from, not because Kurihara failed to file a statement of jurisdiction in this appeal.

[2]  This court disposed of CAAP-21-0000275 in a November 13, 2024 summary disposition order.

three elements which must be met in order to invoke the collateral order doctrine).

Absent an appealable judgment, HPR Rule 34(b) certified order, or collateral order filed within the appropriate time frame, we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that CAAP-23-0000684 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED:  Honolulu, Hawai'i, July 14, 2025.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge